## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STEPHEN E. COX and
SONIA V. COX,

                   **Plaintiffs,**

      **v.**                                     **1:16-cv-448-WSD**

**RUBIN LUBLIN, LLC,**

                   **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Rubin Lublin, LLC's ("Defendant" or "Rubin Lublin") Motion to Dismiss [2] Plaintiffs Stephen E. Cox's and Sonia V. Cox's (together, "Plaintiffs") Complaint [1.1].  Also before the Court are Defendant's Motion to Stay Discovery and Pretrial Deadlines [5], Plaintiffs' "Motion to Dismiss Notice [Defendant's] Motion to Stay Pretrial Deadlines and; [sic] Motion to Dismiss Notice of Filing Supplement to State Record" [8] and Plaintiffs' "Notice of Opposition and Motion to Dismiss [Defendant's] Reply to Plaintiff's [sic] Response to its Motion to Dismiss" (together, "Plaintiffs' Motions") [10].

## I.   BACKGROUND[1]

On February 3, 2005, Sonia V. Cox ("Ms. Cox")[2] obtained a loan in the amount of $244,000 from Countrywide Home Loans, Inc. ("Countrywide"). (Compl. at 9).  Repayment of the loan was secured by a deed ("Security Deed") to real property located at 3877 Cherry Ridge Boulevard, Decatur, Georgia 30034 (the "Property").  (Id.; Security Deed [2.3] at 2).[3]  Ms. Cox executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and Countrywide's successors and assigns.  (Id.; Security Deed at 3-4).  Under the terms of the Security Deed, Ms. Cox "grant[ed]

---

[1]   This is Plaintiffs' second attempt to delay foreclosure.  See Cox v. Bank of America Corp., No. 1:15-cv-172-WSD, 2015 WL 5174013 (N.D. Ga. Sept. 3, 2015) (dismissing Plaintiffs' claims with prejudice because "Plaintiffs' Complaint is based on indisputable meritless legal theories, and Plaintiffs have not, and cannot, assert a viable claim based on perceived defects in the origination or assignment of their mortgage, or in the foreclosure proceedings initiated by [Bank of America]").

[2]   Stephen E. Cox was not a party to the loan or Security Deed.

[3]   Rubin Lublin attaches to its Motion to Dismiss copies of the Security Deed, Assignment and Quitclaim Deed, which were filed with the Clerk of the Superior Court of DeKalb County, Georgia.  These documents are matters of public record and the Court may consider them.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).judicial notice of public records including security deed filed in state superior court).

and convey[ed] to MERS (solely as nominee for [Countrywide] and [Countrywide's] successors and assigns) and the successors and assigns of MERS, with power of sale, the [Property]."  (Security Deed at 3).

On September 12, 2011, MERS assigned its rights under the Security Deed, including the power of sale, to "The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders [sic] of CWMBS Inc., CHL Mortgage Pass-Through Trust 2005-9, Mortgage Pass Through Certificates, Series 2005-9" ("BONYM").  (Assignment [2.4]).

At some point, Ms. Cox defaulted on her loan obligations.

On November 30, 2015, Rubin Lublin, on behalf of BONYM, sent Plaintiffs[4] a letter ("November 30th Letter), which states that Plaintiffs defaulted on their loan obligations and BONYM would conduct a foreclosure sale of the Property on January 5, 2016.  (Compl. at 10-12; Nov. 30th Letter [4.1 at 56-68]).

On December 21, 2015, Plaintiffs, proceeding *pro se*, filed their Complaint in the Superior Court of DeKalb County, Georgia.  Plaintiffs assert a claim for

---

[4]    On November 12, 2011, Ms. Cox executed a Quitclaim Deed conveying the Property to Stephen E. Cox and herself.  (Quitclaim Deed [2.5]).  On December 29, 2013, Plaintiffs purportedly assigned their interest in the Property to Karen Simone Legal, as Trustee of the Rothschild Trust.  (Deed to Trustee [2.6]).  Although Plaintiffs assert that the November 30, 2015, Letter was addressed to them, the Court notes that it is addressed to Karen Simone Legal as Trustee of the Rothschild Trust, at the Property address.

violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count I), and state-law claims for fraud (Count II), "Emergency Temporary and Permanent Injunctive Relief" (Count III), slander of title (Count V),[5] and quiet title (Count VI).  Plaintiffs seek declaratory and injunctive relief, compensatory and punitive damages, attorney's fees and litigation costs.

On February 2, 2016, Defendant removed the DeKalb County Action to this Court based on federal question jurisdiction.  (Notice of Removal [1]).

On February 19, 2016, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim.

On February 26, 2016, Defendant filed its Motion to Stay Pretrial Deadlines, pending the Court's decision on Defendant's Motion to Dismiss.

On March 8, 2016, and April 4, 2016, Plaintiffs filed their Motions. Plaintiffs assert that Bret J. Chaness ("Chaness"), Defendant's counsel, is "basically an interloper herein" and "is constantly attempting to testify for a witness not in appearance."  (See [10] at 3; see also [8] at 3).  Plaintiffs also claim that Rubin Lublin is a "legal fiction."  (Id.).[6]

---

[5]    There is no Count IV.

[6]    Plaintiffs' assertions are conclusory and illogical, and the Court will not consider them.  The record is clear that Chaness is a licensed attorney employed by Rubin Lublin, and there is no evidence to suggest otherwise.

## II.    DISCUSSION

### A.    Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188

(11th Cir. 2002)).[7]

      B.     Analysis

          1.     Violation of the FDCPA

The FDCPA prohibits debt collectors from, among other things, using "false,

deceptive, or misleading representation or means in connection with the collection

of any debt." 15 U.S.C. § 1692e. To state a claim for relief under Section 1692e, a

plaintiff must allege that: (1) the defendant is a "debt collector;" (2) the challenged

conduct is related to debt collection activity; and (3) the defendant engaged in an

act or omission prohibited by the FDCPA. Gardner v. TBO Capital LLC,

986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013) (citing Reese v. Ellis, Painter,

Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012)); Frazier

v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011)).

Here, Plaintiffs fail to allege any facts to support that Rubin Lublin is a debt

collector for purposes of the FDCPA. Under the FDCPA, a "debt collector" is one

---

[7]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short
and plain statement of the claim showing that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal
minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that
"[f]actual allegations must be enough to raise a right to relief above the speculative
level . . . ." Twombly, 550 U.S. at 555.

who engages "in any business the *principal purpose* of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added); see also White, 597 F. App'x at 1020; Reese, 678 F.3d at 1218. In their Complaint, Plaintiffs conclusorily assert that "Defendant(s) [sic] are debt collectors for purposes of the Fair Debt Collection Practices Act."  (Compl. at 13). Plaintiffs' statement lacks factual content and amounts to a legal conclusion that the Court will not consider.  See Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 545 ("the formulaic recitation of a cause of action's elements will not do"); White, 597 F. App'x at 1018 ("[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal.").  Plaintiffs fail to allege any facts to support that Defendant is a "debt collector" under the FDCPA.  See Reese, 678 F.3d at 1218; White, 597 F. App'x at 1020.  Plaintiffs' FDCPA claim is required to be dismissed.

Even if they alleged facts sufficient to support that Defendant is a debt collector—which they did not—Plaintiffs fail to specify any provision of the FDCPA that Rubin Lublin allegedly violated.  Plaintiffs conclusorily assert that Defendant "used deceptive and false statements as a routine part of their misleading business process."  (Compl. at 13).  To the extent Plaintiffs intended to

assert that Defendant violated Section 1692e, which prohibits any "misleading representation or means in connection with the collection of any debt, Plaintiffs do not describe when the alleged deceptive and false statements were made, the substance of those statements, or the "misleading business practice" in which Defendant engages.  Plaintiffs' vague, conclusory allegations are wholly insufficient to support a claim under the FDCPA.  See Jackson, 372 F.3d at 1263 ("[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.").[8]  Plaintiffs fail to show that Defendant engaged in an act or omission prohibited by the FDCPA.  See, e.g., 15 U.S.C. § 1692e; Gardner, 986 F. Supp. 2d at 1332.  Plaintiffs' FDCPA claim is required to be dismissed for this additional reason.

---

[8]     Plaintiffs also assert that Defendant "knowingly produced fraudulent documents in their attempt to deceive Plaintiff(s) [sic], and enforce [sic] an un-enforceable Security Deed by virtue of a wrongful . . . non-Judicial Foreclosure Sale [sic]."  (Compl. at 13).  To the extent Plaintiffs intended to assert a violation of Section 1692f(6), BONYM has a clear, present right to possession of the Property because Ms. Cox executed the Security Deed, with the power of sale, in favor of MERS, and MERS assigned its interest in the Security Deed to BONYM; the November 30th Letter from Rubin Lublin stated BONYM's intention to possess the Property; and Plaintiffs do not allege that the Property is exempt by law.  See 15 U.S.C. § 1692f(6) (prohibiting taking or threatening to take nonjudicial action where there is no present right to possession of the property claimed as collateral through an enforceable security interest).  Plaintiffs fail to state a claim for relief under Section 1692f(6).

2.    Exercise of Supplemental Jurisdiction

Plaintiffs' FDCPA claim, now dismissed, was the only claim in this action over which the Court had original subject matter jurisdiction.  The remaining claims in this action involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(a) (conferring district courts with supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy").

The exercise of supplemental jurisdiction is discretionary.  See 28 U.S.C. § 1367(c); United Mines Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). A district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In making this determination, the district court should consider the factors articulated by the Supreme Court in Gibbs: judicial economy, convenience, fairness to the parties, and whether all the claims would be expected

to be tried together.  Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)

(citing Gibbs, 383 U.S. at 725–26).

The Court has discretion to decline to exercise jurisdiction over this case

because, in dismissing Plaintiffs' FDCPA claim, the Court "has dismissed all

claims over which it has original jurisdiction" and the remaining state law claims

"substantially predominate" over the now-dismissed federal claim.  See 28 U.S.C.

§ 1367(c)(2)-(3); see also Parker v. Scrap Metal Processors, Inc., 468 F.3d 733,

744 (11th Cir. 2006) (explaining that a "federal court will find substantial

predominance when it appears that a state claim constitutes the real body of a case"

(internal quotation omitted)); Cook ex rel. Estate of Tessier v. Sheriff of Monroe

Cnty., 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining that when "no basis for

original federal jurisdiction presently exists, the district court has the discretion to

decline to exercise supplemental jurisdiction").

In considering the relevant Gibbs factors, the Court finds that judicial

economy favors declining to exercise supplemental jurisdiction.  The Court has not

expended considerable resources at this stage of litigation.  See Carnegie-Mellon

Univ. v. Cohill, 484 U.S. 343, 351 n.7 (1988) ("[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Lake Cnty. v. NRG/Recovery Grp., Inc., 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (remanding where the federal court had not expended a significant amount of judicial labor).  Judicial economy also favors the resolution in state court of state law disputes between in-state defendants.  See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law."); see also Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga. Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan. 13, 2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of Georgia law rather than to have federal courts do so, even when those federal courts are in Georgia."); cf. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243-44 (11th Cir. 2007) (in non-removed cases, district court must dismiss a federal question case if the plaintiff later drops its federal claims).

The convenience and fairness factors do not compel the Court to exercise its supplemental jurisdiction.  The parties are not inconvenienced by being required to litigate in the Superior Court of DeKalb County, and there is no indication that

requiring them to litigate in state court is unfair to either party.  Applying the factors in Gibbs, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remand is appropriate.  See Cook, 402 F.3d at 1123 ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Rubin Lublin's Motion to Dismiss [2] is **GRANTED IN PART**.  Plaintiffs' claim for violation of the Fair Debt Collection Practices Act is **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of DeKalb County, Georgia.

**SO ORDERED** this 18th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE