IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHEN E. COX and SONIA V. COX,

        Plaintiffs,

  v.                                  1:16-cv-448-WSD

RUBIN LUBLIN, LLC,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Stephen E. Cox's and Sonia V. Cox's (together, "Plaintiffs") "Motion for Void Judgment and to Set Aside Order" [13]. The Court construes Plaintiffs' filing as their Motion for Reconsideration of the Court's May 18, 2016, Order ("May 18th Order") [11] dismissing this action for failure to state a claim. In its May 18th Order, the Court also declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims and remanded this action to the Superior Court of DeKalb County, Georgia.

## I. BACKGROUND[1]

This action arises from foreclosure proceedings, initiated by Defendant Rubin Lublin ("Defendant" or "Rubin Lublin"), following Plaintiffs' default on their mortgage loan secured by the property.

On December 21, 2015, Plaintiffs, proceeding *pro se*, filed their Complaint in the Superior Court of DeKalb County, Georgia. Plaintiffs asserted a federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count I), and state-law claims for fraud, "Emergency Temporary and Permanent Injunctive Relief," slander of title, and quiet title. Plaintiffs also sought declaratory and injunctive relief, compensatory and punitive damages, attorney's fees and litigation costs.

On February 2, 2016, Defendant removed the DeKalb County Action to this Court based on federal question jurisdiction. (Notice of Removal [1]).

On February 19, 2016, Defendant moved to dismiss Plaintiffs' Complaint for failure to state a claim.

On March 8, 2016, and April 4, 2016, apparently in response to Defendant's Motion, Plaintiffs filed their "Motion to Dismiss Notice [Defendant's] Motion to

---

[1] The facts underlying this case are more thoroughly set out in the Court's May 18th Order.

Stay Pretrial Deadlines and; [sic] Motion to Dismiss Notice of Filing Supplement to State Record" [8] and their "Notice of Opposition and Motion to Dismiss [Defendant's] Reply to Plaintiff's [sic] Response to its Motion to Dismiss" (together, "Plaintiffs' Motions").  In their Motions, Plaintiffs asserted that Bret J. Chaness ("Chaness"), Defendant's counsel, was "basically an interloper herein" and "[was] constantly attempting to testify for a witness not in appearance."  (See [10] at 3; see also [8] at 3).  Plaintiffs also claimed that Rubin Lublin was a "legal fiction."  (Id.).

In its May 18th Order, the Court refused to consider these assertions, finding that "Plaintiffs' assertions [were] conclusory and illogical" and that the record clearly stated Chaness was a licensed attorney employed by Rubin Lublin. (May 18th Order at 4 n.6).  The Court also granted Defendant's Motion to Dismiss with respect to Plaintiffs' claim for violation of the FDCPA.  The Court found that Plaintiffs did not, and could not, state a claim for violation of the FDCPA against Rubin Lublin, including because Plaintiffs did not allege, and it did not appear, that Rubin Lublin is a "debt collector" under the FDCPA.  The Court found further that, even if Plaintiffs alleged facts sufficient to support that Defendant is a debt collector, Plaintiffs could not state a claim for violation of the FDCPA because they failed to specify any provision of the FDCPA that Rubin Lublin allegedly

violated. Finally, after dismissing Plaintiffs' FDCPA claim, the only claim in this action over which the Court had original subject matter jurisdiction, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims and remanded this action to state court.

On May 31, 2016, Plaintiffs filed their "Motion for Void Judgment and to Set Aside Order," which the Court construes as Plaintiffs' Motion for Reconsideration of the Court's May 18th Order.

## II.   DISCUSSION

### A.   Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Motions for reconsideration under either Rule 59(e) or Rule 60(b) are left to the sound discretion of the district court. See id. at 806.

Motions for reconsideration under Rule 59(e) are only appropriate where there is newly-discovered evidence[2] or a need to correct a manifest error of law or

---

[2]   Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered. See Arthur v. King, 500 F.3d 1335, 1343-44

4

fact. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Arthur, 500 F.3d at 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

Plaintiffs appear to seek reconsideration pursuant to Rule 60(b). Motions for reconsideration under Rule 60(b) only are appropriate where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b).

The Court does not reconsider its orders as a matter of routine practice. Local Rule 7.2 E., N.D. Ga. A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047

---

(11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

(11th Cir. 1992); <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); <u>see also</u> <u>Jones v. S. Pan Servs.</u>, 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); <u>Pres. Endangered Areas</u>, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

B.    <u>Analysis</u>

Plaintiffs do not assert the existence of "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, or that the judgment has been satisfied or is no longer applicable.  <u>See</u> Fed. R. Civ. P. 60(b); <u>Rease v. Harvey</u>, 376 F. App'x 920, 921 (11th Cir. 2010).  Plaintiffs' Motion for Reconsideration is nonsensical and conclusory, and fails to address the sole basis for dismissal of this action—that Plaintiffs' allegations were insufficient to show that Defendant engaged in an act or omission prohibited by the FDCPA.  Plaintiffs simply reiterate the same arguments asserted throughout their incoherent filings in this action, which mostly focus on their general dissatisfaction with Defendant's

counsel.[3, 4]  (See [13] at 2).  Plaintiffs fail to present any grounds upon which to support granting them relief from the Court's May 18th Order, and their "Motion for Void Judgment and to Set Aside Order," construed as a motion for

---

[3]    Plaintiffs assert that "no real party in interest has appeared on the record and [] the motion to dismiss entered [in this action] . . . are [sic] only argued by the opposing attorney, who is [] not allowed to testify on the facts of the case," (see [13] at 3), and that "[t]he practice of an attorney filing an affidavit on behalf of his client asserting the status of that client is not approved, inasmuch as not only does the affidavit become hearsay, but it places the attorney in a position of witness thus compromising his role as an advocate," (Id.).  These types of conclusory assertions do not suffice under a motion for reconsideration.  Even if they did, Plaintiffs appear to argue that Defendant's Motion to Dismiss is actually testimony offered by Chaness, Defendant's counsel.  Plaintiffs' argument is misplaced.  "Contrary to Plaintiff's assertions, the motion to dismiss is not an affidavit filed by [Defendant's counsel].  Defendant, by and through counsel, property advanced legal arguments challenging . . . the sufficiency of [Plaintiffs'] allegations in the complaint."  See Franklin v. BWW Law Group, LLC, No. DKC 16-0455, at *2 (D. Md. June 6, 2016).

[4]    To the extent Plaintiffs argue that Defendant is not properly represented in this action, the record is clear that Rubin Lublin, an artificial entity, is properly represented in this action by Chaness, a licensed attorney.  See, e.g., Rowland v. California Men's Colony Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well-established that a corporation is an artificial entity that can only act through agents, cannot appear in judicial cases *pro se*, and must be represented by counsel.") (citations omitted).  Here, Plaintiffs do not allege any facts to show that Chaness is not an attorney, is not authorized to practice law in this Court, and is not authorized to litigate on behalf of Defendant, and there is no evidence to suggest otherwise.  (See May 18th Order at 4, n. 6) ("The record is clear that Chaness is a licensed attorney employed by Rubin Lublin, and there is no evidence to suggest otherwise."); (see also Def.'s Statement of Interested Persons [3] at 2) ("The undersigned further certifies that . . . Defendant Rubin Lublin is represented by Bret J. Chaness.").

reconsideration, is denied. See Fed. R. Civ. P. 60(b).[5]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Void Judgment and to Set Aside Order" [13], construed as a Motion for Reconsideration, is **DENIED**.

**SO ORDERED** this 11th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] To the extent Plaintiffs intended to move for reconsideration pursuant to Rule 59(e), Plaintiffs do not rely on any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact. Plaintiffs' Motion for Reconsideration is denied for this additional reason. See Arthur, 500 F.3d at 1343; Jersawitz, 71 F. Supp. 2d at 1344.